UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| VS. | ) | CR No.: 07-049ML |
| | ) | |
| | ) | |
| RICKY SILVA | ) | |

**DEFENDANT'S MOTION FOR A SENTENCE BELOW THE APPLICABLE SENTENCING GUIDELINES RANGE**

The Defendant, RICKY SILVA, by and through his undersigned counsel, pursuant to 18 U.S.C. § 3553 and LR Cr 32 of the Local Rules of the United States District Court for the District of Rhode Island, hereby moves the Court to impose a sentence below the applicable sentencing guidelines range. In support thereof, the Defendant has filed contemporaneously herewith a supporting memorandum.

Respectfully submitted this 13th day of July, 2007.

RICKY SILVA, Defendant
By his Counsel,

/s/ Charles A. Tamuleviz .
Charles A. Tamuleviz Bar No.: 6115
Tamuleviz, Hultquist, & Bianchi, LLP
144 Westminster Street, Suite 302
Providence, Rhode Island 02903
Telephone: 401.490.2939
Facsimile: 401.490.2940
E-Mail: cat@thbrilaw.com

## CERTIFICATION

On this 13th day of July 2007, I caused the Defendant's Motion For A Sentence Below The Applicable Sentencing Guidelines Range to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic Notification:

Kenneth P. Madden
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

/s/ Charles A. Tamuleviz
Charles A. Tamuleviz, Esquire
Tamuleviz, Hultquist, & Bianchi, LLP
144 Westminster Street, Suite 302
Providence, Rhode Island 02903
Telephone: 401.490.2939
Facsimile: 401.490.2940
E-mail: cat@thbrilaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| VS. | ) | CR No.: 07-049ML |
| | ) | |
| | ) | |
| RICKY SILVA | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR A SENTENCE BELOW THE APPLICABLE SENTENCING GUIDELINES RANGE**

## I. INTRODUCTION

The Defendant, RICKY SILVA, by and through his undersigned counsel, hereby submits the instant Memorandum in Support of his Motion For A Sentence Below The Applicable Sentencing Guidelines Range and in order to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing, as required by 18 U.S.C. § 3553(a), in light of United States v. Booker, 543 U.S. 220 (2005).

Booker restored the district court's ability to fashion a sentence tailored to the individual circumstances of a particular case and defendant by requiring courts to consider factors in addition to the sentencing range prescribed by the United States Sentencing Guidelines. Indeed, pursuant to 18 U.S.C. § 3553(a) the court is required to impose a sentence below the applicable range if such a sentence is sufficient to achieve the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2). Essentially, the sentencing

purposes in § 3553(a)(2) are the following: punishment; deterrence; protection of the public; and appropriate correctional treatment for the defendant.

In the instant case, Mr. Silva respectfully requests that the Court consider several important mitigating factors in fashioning an appropriate sentence, including but not limited to the following: (1) The proportional relationship that Mr. Silva's sentence should have with the sentence of the primary architect of the subject conspiracy, Anthony St. Laurent, Sr., i.e., Mr. Silva's sentence should be substantially less than the 56 month term of imprisonment that Mr. St. Laurent received; (2) A sentence imposed on Mr. Silva that is equal to or greater than Mr. St. Laurent's sentence would diminish respect for the criminal justice system; and (3) The nature and circumstances of Mr. Silva's personal history, i.e., a difficult upbringing, substance abuse issues and psychological issues, warrant a lesser sentence. When considered individually, collectively, and in the unique circumstances of this case, the aforementioned mitigating factors merit a sentence of imprisonment of forty-eight (48) months.

## II. BACKGROUND

Mr. Silva was arrested on January 4, 2007 by federal agents. On that same day, Mr. Silva appeared before United States Magistrate Judge David L. Martin for an initial appearance. Magistrate Judge Martin ordered Mr. Silva detained pending further proceedings. On April 12, 2007, after waiving his right to an indictment and pursuant to a written plea agreement, Mr. Silva pleaded guilty to a one (1) count Information, which charged him with traveling in interstate commerce to carry on an unlawful activity, in violation of 18 U.S.C. §§ 1952(a)(3) and 2.

A Presentence Report ("PSR") was prepared by the United States Probation Office and made available to the parties on June 11, 2007. In the PSR, the applicable guidelines sentencing range is computed to be 51 to 60 months. Mr. Silva is scheduled to be sentenced on July 20, 2007.

III. POST *BOOKER* SENTENCING

In United States v. Jiminez-Beltre, 440 F.3d 514, 518-519 (1st Cir. 2006)(en banc), the First Circuit set forth the appropriate approach for district courts to follow at sentencing. Initially, the court must calculate the correct guidelines sentencing range. Id. at 518-519. Next, any proposed departures should be considered, followed by the further determination whether other factors identified by either side warrant an ultimate sentence above or below the applicable guidelines range. Id. The sentencing court's discretion remains constrained by 18 U.S.C. § 3553(a), which requires courts to consider a number of factors enumerated within the statute. United States v. Smith, 445 F.3d 1, 3 (1st Cir. 2006), citing United States v. Pho, 433 F.3d 53, 61-62 (1st Cir. 2006). The sentence imposed by the court is subject only to the ultimate requirement of "reasonableness." United States v. Jiminez-Beltre, at 517. The reasonableness of a below-guidelines sentence is considered on a sliding scale, that is, the farther the sentence departs from the guidelines sentence the more compelling the justification based on the factors in § 3553(a) must be. United States v. Thurston, 456 F.3d 211, 215 (1st Cir. 2006).

IV. STATUTORY SENTENCING FACTORS

A. The History and Characteristics of the Defendant, 18 U.S.C. § 3553(a)(1)

Information concerning Mr. Silva's personal and family characteristics is set forth in detail in Part C of the ("PSR"). Mr. Silva was born in Providence, Rhode Island. He

is 48 years old. Mr. Silva has five siblings, four of whom reside in Rhode Island. Both of Mr. Silva's parents also reside in Rhode Island. During Mr. Silva's formative years his father was in and out of prison. As such, his mother essentially raised the family. Although Mr. Silva does not consider himself to have been abused, he did endure beatings as a child. Mr. Silva is currently married and has two daughters, ages 18 and 13, with his wife. He also has an adult son from a prior relationship.

Mr. Silva has a history of substance abuse that began in his youth and has essentially continued throughout his adult life. Indeed, he is a self-described drug addict. In addition to being diagnosed with Opiod Dependence and Cocaine Dependence, Mr. Silva has also been diagnosed with Depressive Disorder. He has received inpatient psychiatric treatment on two occasions, in September 2001 and January 2002. Mr. Silva's substance abuse and psychiatric history have both significantly affected his life.

B. The Nature and Circumstances of the Offense, 18 U.S.C. § 3553(a)(1)

The instant charge against Mr. Silva arose from a trip he accompanied others on to Southeastern Massachusetts from Rhode Island. Mr. Silva was solicited to go on the trip by his bother-in-law and Mr. St. Laurent. Unbeknownst to Mr. Silva at the time, his brother-in-law was acting as an informant for the F.B.I. Mr. St. Laurent's instructions to those going on the trip were to locate two individuals and collect money from them. Ultimately, four individuals including Mr. Silva participated in the efforts to locate the two individuals. However, their undertakings were unproductive inasmuch as the two individuals were not located. The inability to locate the two individuals is not surprising due to the ineptitude of the four people looking for them. Although there is some talk between the four that could be interpreted as problematic. The actions of the four people

were not indicative of a well planned, sophisticated scheme. Rather, their actions evidence a half-hearted and haphazard undertaking. Significantly, there were no follow-up efforts by Mr. Silva to locate the two individuals. This was a one time occurrence.

Interestingly, although the trip to Massachusetts took place in April 2006, the Government did not seek to arrest and charge Mr. Silva with the instant offense until January 2007, approximately eight months later. The delay in bringing charges occurred even though the Government had contemporaneous knowledge of the underlying conduct through its informant. The Government also conducted real time surveillance of the conduct at issue. If the Government considered Mr. Silva to be a serious threat to the two individuals or to anyone else, they would not have permitted Mr. Silva to remain on the streets for eight months. The foregoing circumstances militate towards leniency in sentencing.

C. <u>The Need for the Sentence Imposed, 18 U.S.C. § 3553(a)(2)</u>

The instant offense is a serious offense. However, within the spectrum of potential conduct that could form the basis for this charge, Mr. Silva's conduct is at the lesser end of the spectrum. Mr. Silva did not initiate the instant scheme. Rather, he was solicited into it by a family member, his brother-in-law, and Mr. St. Laurent. Further, the architect of the scheme was Mr. St. Laurent, not Mr. Silva. The conduct of all four individuals who went on the trip to Massachusetts is essentially of the same nature. Further, there is no evidence that any weapons were used in this scheme, nor was anyone injured or threatened. As such, Mr. Silva's conduct does not support imposition of a sentence of imprisonment of sixty months, which is the statutory maximum.

Additionally, the individual who created the subject scheme and who orchestrated it, Mr. St. Laurent, has been sentenced to a term of imprisonment of 56 months. United States v. Anthony St. Laurent, Sr., CR. No. 06-048S (D.R.I.). It is a fundamental perception of the public that the leader of a criminal scheme receives a sentence that is harsher than his underlings, absent some unique justification to the contrary. Historically, the foregoing has been the customary practice in the criminal justice system. Indeed, the Sentencing Guidelines implicitly recognize the foregoing by authorizing "Role In The Offense" adjustments. To impose a sentence on Mr. Silva that includes a term of imprisonment greater than Mr. St. Laurent's sentence would significantly diminish the public's respect for the criminal justice system, thereby lessening any general deterrence effect.

As set forth in the PSR, the applicable guideline range in this case is 51 to 60 months imprisonment. Mr. Silva is seeking a sentence of 48 months, which is merely 3 months below the low end of the guideline range. Such a reduction only constitutes 5% of the maximum available sentence. The mitigating factors set forth above provide more than ample justification for such a sentence pursuant to the "sliding scale" analysis mandated by Thurston and Smith.

V. CONCLUSION

In consideration of the foregoing, the Defendant, RICKY SILVA, respectfully requests that the Court impose a sentence of imprisonment of forty-eight (48) months, a term of supervised release that it deems appropriate, and no fine.

Respectfully submitted this 13th day of July, 2007.

RICKY SILVA, Defendant
By his Counsel,

/s/ Charles A. Tamuleviz .

Charles A. Tamuleviz Bar No.: 6115
Tamuleviz, Hultquist, & Bianchi, LLP
144 Westminster Street, Suite 302
Providence, Rhode Island 02903
Telephone: 401.490.2939
Facsimile: 401.490.2940
E-Mail: cat@thbrilaw.com

CERTIFICATION

On this 13th day of July 2007, I caused the Defendant's Memorandum In Support Of His Motion For A Sentence Below The Applicable Sentencing Guidelines Range to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic Notification:

Kenneth P. Madden
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

/s/ Charles A. Tamuleviz

Charles A. Tamuleviz, Esquire
Tamuleviz, Hultquist, & Bianchi, LLP
144 Westminster Street, Suite 302
Providence, Rhode Island 02903
Telephone: 401.490.2939
Facsimile: 401.490.2940
E-mail: cat@thbrilaw.com